**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS,** CA 05 187ML

**Plaintiffs,**

**vs.** **Civil Action No. ________**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS**

**Defendants,**

**MOTION FOR STATUTORY LEAVE**
**TO IRREVOCABLY ASSIGN CONTRACT RIGHTS**
**TO FUTURE REVENUES**
**INTO THE**
**REGISTRY OF THE COURT**
**PURSUANT TO**
**FED. R. CIV. P. 67 AND 28 U.S.C. § 1335(a)(2)**

**Infinite Prism, Inc. d/b/a Fine Art Metropolis, plaintiff and stakeholder in this Statutory Interpleader Action, moves this honorable Court under Rule 67 of the Federal Rules of Civil Procedure, and pursuant to the jurisdictional requirements of the Federal Interpleader Statute, at 28 U.S.C. § 1335(a)(2), for an order permitting it to irrevocably assign to the Registry of the Court the rights to the post-death future revenues assigned by the decedent, Michael St.**

**George, during his lifetime as described in the Complaint, pursuant to the attached Absolute Assignment attached hereto as Schedule "A."**

**Plaintiff also moves this court to relieve it of any obligation to post a bond with respect to such assignment of future funds.**

**GROUNDS FOR RELIEF**

**Plaintiff should be granted leave to make the deposit into the registry of the Court because:**

**1. Plaintiff has initiated this action for interpleader, respecting the rights of the various named Parties Claimant to certain funds as may accrue to the plaintiff in the future, by filing a Complaint in this action.**

**2. As a condition of proceeding with interpleader and as a condition for the assertion of federal subject matter jurisdiction over the interpleader claim, 28 U.S.C. § 1335(a)(2) requires that the sums in dispute be deposited into the Registry of the Court.**

**3. Plaintiff makes no claim to any part of the future funds so sought to be assigned to the Registry of the Court and has no interest in the question of which of the parties asserting adverse claims against these sums recovers all or any proportion of the sums sough to be deposited. Because plaintiff has no further interest in the future funds in question and seeks to be discharged from this action, the assignment of the disputed sums is a precondition to that discharge.**

**4. The rights to the future funds sum sought to be assigned to the Registry of the Court, represents the highest amount of the funds that could**

**come into the plaintiff's possession or control sought by any of those asserting adverse claims against the said future funds, and is therefore proper to be deposited with the Registry of the Court for the purposes described above.**

**5. The right to receive that portion of such future revenues as pertain to the interests of decedent Michael St. George by operation of the Fine Art Metropolis—St. George Agreement—Exhibit "A" to Complaint, all as described in the Complaint—should such funds ever come into the plaintiff's possession, is a non-accrued inchoate right, incapable of present enforcement, and subject to conditions precedent which may never occur.**

**6. Because such additional future funds will be realized only in the form of future, unpredictable revenues, plaintiff is unable to determine what amounts, if any, will come into its possession.**

**7. With respect to such future funds, if any are received, plaintiff disclaims any right to that portion of its revenues which pertain to the right of the assignee(s) of decedent St. George as described in said agreement, or parties claiming under such assignees.**

**8. Plaintiff therefore requests the Court to order that it be relieved of the requirement of posting a bond with respect to such future funds.**

**RECORD ON MOTION**

**This motion is based on this document and on Plaintiff's Verified Complaint filed in this action.**

**Dated:** 2 MAY **, 2005**

**Infinite Prism Inc. d/b/a Fine Art Metropolis**

**By its Attorneys,**

**Moore & Bogosian**

**Paul J. Bogosian, Jr., Esq.**
**RI Bar #2233**
**49 Weybosset Street**
**Providence, RI 02903**
**Voice 455-2020**
**Fax 455-2022**

**Del Sesto Law Corporation**

**By**
**Ronald W. Del Sesto, Esq.**
**RI Bar #242**
**49 Weybosset Street**
**Providence, RI 02903**
**Voice 401.421.1492**
**Fax 401.421.9080**
**Email: Litigation@in-RI.net**

**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. ________**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND**
**ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS**

**Defendants,**

**IRREVOCABLE ASSIGNMENT**
**OF**
**40% CONTRACT RIGHTS**
**(as described in Complaint)**
**TO THE**
**REGISTRY OF THE COURT**
**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

**Contemporaneously with the filing of the within Complaint, Infinite Prism, Inc. d/b/a Fine Art Metropolis, the plaintiff in the within action, ("Assignor") hereby irrevocably assigns, transfers and sets over to Registry of the Court, United States District Court for the District of Rhode Island ("Registry of Court"), all right, title, and interest held by the Assignor-plaintiff in and to the following described intangible personal property, having a value of not less than $500:**

> **40% Contract Rights as described in the within Complaint (*e.g.*, Sections 15-18 of Complaint, referring to the Fine Art—St. George Agreement, Exhibit "A" to the Complaint).**

EXHIBIT "A"

**The Assignor-plaintiff hereby assumes and agrees to execute such further instruments and documents as may be ordered by the Court, if any, in order to fully, completely, and irrevocably assign such 40% Contract Rights to the Registry of the Court.**

**The Registry of the Court, until further order of this Court, shall be entitled to all money to be paid under the contract that constitute such 40% Contract Rights, which rights are assigned hereunder. The Assignor-plaintiff further covenants that it shall make no other distributions pursuant to the 40% Contract Rights until further order of this Court.**

**This assignment shall be binding upon the Assignor-plaintiff its successors and assigns.**

**Signed this** 2 **day of** May**, 2005.**

**Infinite Prism, Inc. d/b/a Fine Art Metropolis**

**By** ______________________
**Its President**

**EXCERPT OF CORPORATE RESOLUTION**

**Infinite Prism, Inc. d/b/a Fine Art Metropolis, adopted the following resolution by the unanimous consent of its shareholders:**

> ***Resolved:*** **that the corporation irrevocably assign to the Registry of Court, the United States District Court, for the District of Rhode Island, the 40% Contract Rights; and**
>
> ***Resolved:*** **that the president of the corporation, Robert A. Schattle, is hereby authorized, directed, and empowered to do all things necessary—such as executing a written assignment irrevocably conveying such 40% Contract Rights to the Registry of the Court, as aforesaid—to effectuate such resolution.**

**I hereby certify that said resolutions have not have been modified and are in full force and effect.**

**Robert A. Schattle, President**
**Infinite Prism, Inc. d/b/a Fine Art Metropolis**

**Dated:** May 2 2005

**Infinite Prism Inc. d/b/a Fine Art Metropolis**

**By its Attorney,**

**Moore & Bogosian**

**By** ______________________
**Paul J. Bogosian, Jr., Esq.**
**RI Bar #2233**
**49 Weybosset Street**
**Providence, RI 02903**
**Voice 455-2020**
**Fax 455-2022**

**Del Sesto Law Corporation**

**By** ______________________
**Ronald W. Del Sesto, Esq.**
**RI Bar #242**
**49 Weybosset Street**
**Providence, RI 02903**
**Voice 401.421.1492**
**Fax 401.421.9080**
**Email: Litigation@in-RI.net**