**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. 05-187ML**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY**
**AS ADMINISTRATOR OF THE ESTATE OF**
**MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND**
**ATTORNEY GENERAL FOR THE COMMONWEALTH**
**OF MASSACHUSETTS,**

**Defendants.**

**PLAINTIFF'S OBJECTION TO THE MOTION TO DISMISS**
**OF DEFENDANT TREASURER OF THE UNITED STATES**

Now comes the plaintiff and objects to the Motion to Dismiss filed by the Treasurer of the United States. Memorandum attached.

Dated: August 11th, 2005

Respectfully submitted,

Infinite Prism Inc. d/b/a Fine Art Metropolis
By its Attorneys,

Moore & Bogosian
By ____________________
Paul J. Bogosian, Jr., Esq.
RI Bar #2233
49 Weybosset Street
Providence, RI 02903
Voice 455-2020
Fax 455-2022

Del Sesto Law Corporation
By Ronald W. Del Sesto
Ronald W. Del Sesto, Esq.
RI Bar #242
49 Weybosset Street
Providence, RI 02903
Voice 401.421.1492
Fax 401.421.9080
Email: Litigation@in-RI.net

Del Sesto
Law

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the within were mailed, postage prepaid to (i) Wendy J. Kisch, Esq., PO Box 55, Ben Franklin Station, Washington, DC 20044; (ii) Sean M. Fontes, Esq., 150 South Main Street, Providence, RI 02903; (iii) Eric Carriker, Esq., One Ashburton Place, Room 1413, Boston, MA 02108; and (iv) John P. Pollis, Esq., 555 Elm Street, North Attleborough, MA 02760.

Marcella Bedard

**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. 05-187ML**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,**

**Defendants.**

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT TREASURER OF THE UNITED STATES

Defendant Treasurer of the United States (hereinafter "United States") has moved this honorable Court to dismiss this action. Plaintiff-Stakeholder respectfully tenders this Memorandum in Opposition.

## I. NO DOLLAR AMOUNT ABOVE AND BEYOND $500 IS REQUIRED BY THE INTERPLEADER STATUTE.

Defendant Treasurer of the United States seeks to defeat this interpleader action by arguing that the federal Interpleader Statute requires an amount in controversy of $75,000. This position is contrary to the requirements of the statute which simply states that

> [t]he district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person . . . having in his . . . custody or possession money or property of the value of $500 or more . . .

28 U.S.C. § 1335(a).

While the interpleader statute refers to 28 U.S.C. § 1332 by requiring that there be at least two claimants of diverse citizenship, as defined in the diversity jurisdiction statute, 28 U.S.C. § 1332, clearly the reference in Section 1335 is to the *diversity of the claimants*, not to the other jurisdictional requirements for filing an action under 28 U.S.C. § 1332.

Interpreting Section 1335 as defendant United States does would render meaningless the provision in Section 1335 requiring only that the stakeholder hold property worth $500.00.

Defendant United States' argument violates the basic rule of statutory construction that statutes are not to be construed in ways which fail to give their provisions effect or which frustrate those provisions. *See In re Baylis*, 313 F.3d 9 (1st Cir. 2002) (in construing a statute, court is obliged to give effect, if possible, to every word Congress used); *Plumley v. Southern Container, Inc.*, 303 F.3d 364 (1st Cir. 2002) (all words in a statute are presumed to have meaning and should be given full effect when feasible); *Dale Carnegie & Associates, Inc. v. King*, 31 F. Supp. 2d 359 (S.D.N.Y. 1998) (courts interpreting statutes must assume that legislature intended to reach reasonable results consistent with its manifest purpose, and they must interpret statutes to avoid idle acts); *J.E. Pierce Apothecary, Inc. v. Harvard Pilgrim Health Care, Inc.*, 2005 WL 845168 (D. Mass. 2005) (an intention to enact a barren and ineffective provision is not lightly to be imputed to legislature).

## II. THE UNITED STATES IS A PROPER PARTY IN THIS CASE

The effort of the United States to remove itself from this action is difficult to understand. The Plaintiff is, of course, a mere stakeholder, and has no interest in making a claim of any kind against the United States. Its only interest is seeing that justice be done by assuring that all potential claimants come into court to protect their interests in the charitable set aside.

In this case, the Treasurer of the United States is specifically mentioned in the decedent donor's charitable gift. The United States has an express claim to the 40% charitable set aside. Unless the United States no longer accepts gifts, now is the time and this Court is the place for it to set aside arguments about sovereign immunity and to make its claim. In this-- namely the resolution of who is entitled to the charitable gift--the interests of the Plaintiff as Stakeholder and those of the United States are, if not the same, certainly compatible. Indeed, so far as the Plaintiff is able to determine, no party is making a claim against the United States, but rather it is the United States which is entitled to make a claim.

Admittedly, defendant United States is correct that, unless it has waived its sovereign immunity, the United States may not be required to interplead. *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 136 (S.D.N.Y. 1962) (defendant bank could not seek interpleader against United States, since it had not waived immunity from suit to permit interpleader); *United States v. Dry Dock Sav. Inst.*, 149 F.2d 917, 918-919 (2d Cir. 1945) (no authority in Interpleader Act or in Rule 22 for impleading United States).

Perhaps defendant United States has not fully understood (1) the charitable gift which is the subject of this action, and (2) that the Plaintiff has brought this action to preserve the rights of the United States and the two states named as parties through their attorney general to assert their claims to the charitable set aside most appropriately. There is a statutory exception to sovereign immunity where the United States may have a claim to the res at issue in the interpleader action.

> Under the conditions prescribed in this section and section 1444 [removal of action under § 2410], the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> . . .
>
> (5) of interpleader or in the nature of interpleader with respect to,

> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(5).

## III. PLAINTIFF-STAKEHOLDER HAS MOVED TO AMEND THE COMPLAINT TO ADD NECESSARY AND NEWLY DISCOVERED PARTIES, WHICH PARTIES ARE OF DIVERSE CITIZENSHIP SUFFICIENT TO SATISFY THE INTERPLEADER STATUTE.

The United States has also argued that there is no diversity jurisdiction in this case, for lack of diverse parties. [In making the argument, the United States has presumably waived its sovereign immunity, since if the United States is to remain immune from suit, it can hardly have standing to litigate any other aspect of the case. Plaintiff respectfully reserves its rights, if any, as to that issue.]

Turning to the merits of the United States' argument, that argument is now--or rather will be--moot, provided that the Court grants Plaintiff's motion to amend the Complaint by adding party claimants [and also to eliminate the closed estate].

When this action was filed, Plaintiff-Stakeholder named the Estate of Michael St. George, by and through its Administrator Edward St. George, Jr. Recently, on or about June 29, 2005, this court and the Plaintiff were informed by former counsel for the estate that the estate had been finally adjudicated and closed. [Letter of John P. Pollis, Esq., of June 29, 2005 (Exhibit A).] The estate was in fact closed on April 28, 2005. [Judgment of the Bristol Country (Massachusetts) Probate and Family Court of April 28, 2005 (Exhibit B).] Thus, the heirs to the Estate of Michael St. George in each of their individual capacities have now, or may have now, claims in their own right with respect to the res being held by the court and are thus indispensable parties to the suit.

It should be emphasized that Plaintiff-Stakeholder has no purpose of collusively adding parties to create or preserve diversity jurisdiction before this court. Plaintiff, being a mere stakeholder, has no interest in the potential claims at all, other than to assure that all potential claimants are brought into the case to assure their participation. The heirs of the decedent have valid and present interests of their own in enforcing the rights which have accrued to them. The heirs are thus valid claimants to the funds at issue and indispensable parties in this interpleader action.

The law freely allows naming and adding parties, even if that action will create, preserve, or avoid federal jurisdiction, provided only that valid claims exist with respect to those parties. *See Johnson v. Middleton*, 175 F.2d 535 (7th Cir. 1949) (liberality is exercised in permitting parties to make studied effort to name parties over whom court will have jurisdiction, so long as it does not appear that the action is a collusive one to confer jurisdiction on federal court which would otherwise not have it, and so long as rights of other parties not represented will not be jeopardized by the adjudication); *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154 (D. Kan. 2004) (there being some possibility that plaintiffs could prevail on their claims that distributor was "product seller" under Kansas Product Liability Act, plaintiff's suit was not removable on ground that nondiverse distributor was fraudulently joined); *Newell v. Tolliver's Body Shop, Inc.*, 319 F. Supp. 2d 923 (E.D. Ark. 2003) (automobile owner's claim against nondiverse defendant of negligence had reasonable basis in law and fact, and therefore nondiverse defendant was not fraudulently joined to defeat removal based upon diversity of citizenship).

Thus, for the reasons shown and as set forth in Plaintiff's Motion to Amend the Complaint which is filed herewith, Plaintiff moves to amend the Complaint by adding the

parents and siblings of the decedent to this suit, as specifically named in Plaintiff's Motion, since these persons are believed to be the heirs-at-law and next of kin of the decedent, and therefor have or may have claims to the funds at issue in this case, and by eliminating the estate, which is closed.

Dated: August 11th, 2005

Respectfully submitted,

Infinite Prism Inc. d/b/a Fine Art Metropolis
By its Attorneys,

Moore & Bogosian

By ______________________
Paul J. Bogosian, Jr., Esq.
RI Bar #2233
49 Weybosset Street
Providence, RI 02903
Voice 455-2020
Fax 455-2022

Del Sesto Law Corporation

By ______________________
Ronald W. Del Sesto, Esq.
RI Bar #242
49 Weybosset Street
Providence, RI 02903
Voice 401.421.1492
Fax 401.421.9080
Email: Litigation@in-RI.net

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the within were mailed, postage prepaid to (i) Wendy J. Kisch, Esq., PO Box 55, Ben Franklin Station, Washington, DC 20044; (ii) Sean M. Fontes, Esq., 150 South Main Street, Providence, RI 02903; (iii) Eric Carriker, Esq., One Ashburton Place, Room 1413, Boston, MA 02108; and (iv) John P. Pollis, Esq., 555 Elm Street, North Attleborough, MA 02760.

______________________