**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. 05-187ML**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,**

**Defendants.**

## PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

COMES NOW Infinite Prism, Inc., Plaintiff-Stakeholder herein, and respectfully moves this honorable Court for leave to file an Amended Complaint, copy attached, and to rename the case accordingly. As grounds for its Motion, Plaintiff-Stakeholder shows the following.

1. Plaintiff is a stakeholder of certain funds and contract rights, brought before this Court in an interpleader action and placed into the custody of the Court so that the Court may decide among all potential claimants which parties have the rights thereto.

2. Plaintiff makes no claim for itself to the *res in custodia legis* in this action.

3. Plaintiff originally named as an interested party the Estate of Michael St. George, whose decedent was a party to the contract pertaining to the property at issue in this case.

4. Plaintiff has now been informed that the Estate of Michael St. George has been finally adjudicated and closed.

5. For that reason, other parties, namely the heirs at law and other potential beneficiaries of the Estate of Michael St. George, are or may be potential claimants to the res at issue in this action.

6. Plaintiff has made inquiry and has been able to determine that the following parties have an interest *in their individual capacities*, or may have an interest, in the res at issue in this case:

Edward St. George, Jr.,
John P. St. George,
Anne E. St. George, and
Edward St. George, III.

7. Plaintiff therefore moves this Court, pursuant to Fed. R. Civ. P. 15(a), for leave to file an amended complaint adding the foregoing persons as parties defendant, as more fully shown in the Amended Complaint attached to this Motion.

Dated: August 11th, 2005

Respectfully submitted,

Infinite Prism Inc. d/b/a Fine Art Metropolis
By its Attorneys,

Moore & Bogosian

By ______________________
Paul J. Bogosian, Jr., Esq.
RI Bar #2233
49 Weybosset Street
Providence, RI 02903
Voice 455-2020
Fax 455-2022

Del Sesto Law Corporation

By ______________________
Ronald W. Del Sesto, Esq.
RI Bar #242
49 Weybosset Street
Providence, RI 02903
Voice 401.421.1492
Fax 401.421.9080
Email: Litigation@in-RI.net

## CERTIFICATE OF SERVICE

I hereby certify that copies of the within were mailed, postage prepaid to (i) Wendy J. Kisch, Esq., PO Box 55, Ben Franklin Station, Washington, DC 20044; (ii) Sean M. Fontes, Esq., 150 South Main Street, Providence, RI 02903; (iii) Eric Carriker, Esq., One Ashburton Place, Room 1413, Boston, MA 02108; and (iv) John P. Pollis, Esq., 555 Elm Street, North Attleborough, MA 02760.

Marcelle Bedard

**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. 05-187ML**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., INDIVIDUALLY**
**JOHN P. ST. GEORGE**
**ANNE E. ST. GEORGE**
**EDWARD ST. GEORGE, III**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND**
**ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS**

**Defendants,**

## AMENDED COMPLAINT FOR STATUTORY INTERPLEADER
## Pursuant to 28 U.S.C. § 1335(a)

1. This is an interpleader action brought pursuant to 28 U.S.C. § 1335 seeking an adjudication by this Honorable Court with respect to conflicting claims to certain contractual rights, valued in excess of $500, that plaintiff, Infinite Prism, Inc. d/b/a Fine Art Metropolis, has in its possession, specifically the distribution of 40% of the funds governed by such contractual rights [collectively, "40% Contract Rights," all as described herein] that it expects to receive in the future.

2. Plaintiff, Infinite Prism, Inc. d/b/a Fine Art Metropolis, claims no interest in the contractual rights to 40% of the future funds in question, but only seeks the aid of this court in determining who has the right to those contractual rights and said future funds in question and in resolving and putting to rest the conflicting claims that may be raised with respect to those funds.

## JURISDICTION AND VENUE

3. Original jurisdiction is conferred on this Court by 28 U.S.C. § 1335, in that this is

a civil action of interpleader filed by persons having in their custody or possession money or property of the value of $500 or more.

4. Jurisdiction is proper in that several claimants are claiming or may assert a claim in the future to the funds at issue herein.

5. Jurisdiction is proper in that some of the claimants are of diverse citizenship, as that term is defined in 28 U.S.C. § 1332. Specifically, there is diversity of citizenship among the claimants:

| | |
|---|---|
| •Attorney General of the Commonwealth of Massachusetts | Massachusetts |
| •Attorney General of the State of Rhode Island | Rhode Island |
| •Treasurer of the United States | |
| •Edward St. George, Jr., Individually | Florida |
| •John P. St. George | Florida |
| •Anne E. St. George | Florida |
| •Edward St. George, III | Virginia |

6. Jurisdiction is proper in that plaintiff stakeholder has tendered for deposit with this court such 40% Contract Rights pursuant to 28 U.S.C. § 1335(a)(2), and hereby moves for leave to irrevocably assign and transfer such 40% Contract Rights into the Registry of the Court.

7. Venue is proper under 28 U.S.C. § 1397 in that this is a civil action of interpleader brought pursuant to 28 U.S.C. § 1335 and at least one potential claimant resides in this district.

**PARTIES**

8. Plaintiff, Infinite Prism, Inc., is a corporation organized under Rhode Island law, doing business as Fine Art Metropolis, having a usual and only place of business in Rhode Island. Plaintiff is a disinterested stakeholder with respect to the 40% Contract Rights and future

funds at issue in this case, and claims no interest in such for itself.

9. Edward St. George, Jr., Joan P. St. George, and Anne E. St. George, of Florida, and Edward St. George, III, of Virginia, are all the heirs-at-law and next-of-kin of Michael W. St. George, deceased, and as such, under the laws of Massachusetts, these individuals are the sole parties that would have an interest in his estate.

10. The Attorney General for the State of Rhode Island and Providence Plantations is charged with enforcing the rights and interests of assets dedicated to public charities located in Rhode Island. Since the funds at issue herein had been dedicated to a public charitable purpose by the decedent; and since (i) performance of the contract by plaintiff, and (ii) the creation of the funds, were both contemplated to occur in Rhode Island; the Attorney General of Rhode Island may have an interest in the disposition of the charitable-dedicated funds. Moreover, should the funds or a portion of the funds escheat to the public interest, the Attorney General of Rhode Island may have an interest in enforcing the state's right to the funds.

11. The Attorney General for the Commonwealth of Massachusetts is charged with enforcing the rights and interests of assets dedicated to public charities located in Massachusetts. Since the funds at issue herein had been dedicated to a public charitable purpose by the decedent, then a resident of Massachusetts, the Attorney General of Massachusetts may have an interest in the disposition of the funds. Moreover, should the funds or a portion of the funds escheat to the public interest, the Attorney General of Massachusetts may have an interest in enforcing the commonwealth's right to the funds.

12. The Treasurer of the United States/ The United States Department of the Treasury is the vested remainder beneficiary of the 40% Contract Rights and future funds, named as such in the agreement between plaintiff and decedent. Since plaintiff requires an adjudication of this court with respect to the possible interests of the United States, plaintiff has named the Treasurer

of the United States, as a potential claimant to those funds.

## SUMMARY OF ADVERSE CLAIMS

13. On or about December 8, 2003, plaintiff, Infinite Prism, Inc. d/b/a Fine Art Metropolis, entered into an agreement with the decedent, Michael St. George, pursuant to which decedent conveyed to plaintiff his then current inventory of creative art works and his rights in art works that he would create in the future. *See* Fine Art-St. George Agreement ("Exhibit A").

14. In consideration therefore, plaintiff agreed to pay Michael St. George various revenues during his lifetime.

15. The parties also agreed that upon Michael St. George's death, plaintiff would retain 60% of the profits derived from the sale of any art works acquired by the plaintiff from Michael St. George and that the remaining 40% of such profits would accrue and be payable to tax-exempt charitable organizations. Such 40% share is referred to in this Complaint as the "40% Contract Rights."

The Agreement states in relevant part:

> Upon the artist's death, buyer shall retain 60% of any profits from the sales of these creative assets or rights, and the remaining balance of 40% is hereby assigned by the artist to the tax-exempt charitable organizations listed in the attached schedule in the proportions so stated, such charitable organizations, individually and collectively, to have full authority to collect and receive such distributions, which shall be used by them exclusively in furtherance of their charitable purposes. Upon making each such distribution, buyer shall be released and forever discharged with regard to the making of such distribution on account of the sale(s) so being accounted for. If a named organization ceases to exist or shall no longer be tax-exempt, the share such organization would have received shall be distributed pro-rata among the others. Should all the named organizations cease to exist and/or no longer be tax exempt, money due hereunder to such organizations shall be paid to the Treasurer of the United States. Artist may change that list at anytime by a writing delivered to buyer during artist's lifetime, signed by artist and in which his signature has been notarized.

Fine Art-St. George Agreement ¶ 6.

16. However, the schedule of enumerated charitable organizations was not completed

by the decedent, at the time he executed the agreement, December 8, 2003.

17. Decedent Michael St. George died in less than two months after signing the agreement, on or about February 5, 2004, without indicating on a written schedule which charities to whom he wanted to assign his rights under the agreement though he had made his desires known orally. Therefore, plaintiff is unable to determine who is entitled by law to receive the post-death benefits.

18. Plaintiff expects to realize revenues from the sale of creative works of art subject to the Fine Art-St. George Agreement. The entitlement to that portion of those revenues pertaining to the decedent—that is 40% of profits ("40% Contract Rights")—remains uncertain. Plaintiff therefore needs an adjudication by this court to determine the rights to these revenues and to similar revenues which are accrued in the future.

**COUNT ONE**
**Deposit in Court of Revenue Contract Rights**

19. Plaintiff anticipates revenues from the sale of art works subject to the Fine Art-St. George Agreement.

20. Plaintiff therefore requests leave of this court to irrevocably assign the 40% Contract Rights into the Registry of this Court pending the outcome of this litigation.

**COUNT TWO**
**Plaintiff's Need For Immediate Injunctive Relief**

21. The parties to this case, when they become aware of the charitable dedication of the 40% Contract Rights by the decedent, will likely assert a claim to some or all of the 40% Contract Rights. Plaintiff is therefore faced with the possibility of having to defend itself in more than one forum.

22. In order to prevent such liability arising under the Fine Art-St. George Agreement, plaintiff requires, in addition to the final order of this court, temporary and

preliminary injunctions enjoining the defendants from attempting to enforce any rights which they may have to 40% Contract Rights.

**COUNT THREE**
**Order Requiring the Claimants to Appear and Litigate their Respective Rights to the 40% Contract Rights at issue under the Fine Art-St. George Agreement**

23. Having moved for leave to irrevocably deposit the 40% Contract Rights arising from the Fine Art-St. George Agreement as may in the future come into its possession or control, and being a disinterested stakeholder that makes no claim to the funds at issue, plaintiff is entitled to an order dismissing it from this action.

**COUNT FOUR**
**Claim for Attorney's Fees**

24. Plaintiff has brought this action solely to secure relief from inconsistent claims to the 40% Contract Rights at issue. Plaintiff makes no claim to those 40% Contract Rights for itself.

25. Plaintiff therefore is entitled to an award of attorney's fees.

WHEREFORE, Infinite Prism, Inc. d/b/a Fine Art Metropolis, plaintiff and disinterested stakeholder herein, demands the following relief of this honorable Court:

(1) The granting of a Temporary Restraining Order against each and all of the defendants, enjoining each of them from attempting to enforce its purported rights against the plaintiff;

(2) The granting of a Preliminary Injunction against each and all of the defendants, enjoining each of them from any attempt or action to enforce purported rights arising under the Fine Art Metropolis-St. George Agreement or to the 40% Contract Rights at issue in this case;

(3) An Order of this Court directing the defendants to interplead and settle before this Court and amongst themselves their rights to the 40% Contract Rights at issue;

(4) Permanent injunctions against each and all of the claimants individually, enjoining and restraining them from pursuing any purported rights under the Fine Art-St. George Agreement or to the 40% Contract Rights at issue, except to the extent specifically allowed by this Court in its final judgment in this case;

(5) That plaintiff be discharged from all liability in the premises;

(6) That plaintiff recover its costs;

(7) That plaintiff recover its attorney's fees; and

(8) Such other and further relief as the Court deems just and equitable under the circumstances.

Dated: August ____________________, 2005

Respectfully submitted,

Infinite Prism Inc. d/b/a Fine Art Metropolis
By its Attorneys,

Moore & Bogosian

By ___________________________
Paul J. Bogosian, Jr., Esq.
RI Bar #2233
49 Weybosset Street
Providence, RI 02903
Voice 455-2020
Fax 455-2022

Del Sesto Law Corporation

By _________________________
Ronald W. Del Sesto, Esq.
RI Bar #242
49 Weybosset Street
Providence, RI 02903
Voice 401.421.1492
Fax 401.421.9080
Email: Litigation@in-RI.net

Paul J. Bogosian, Jr., Esq., is designated as trial counsel.

## VERIFICATION

I declare under oath that I have read the within Amended Complaint and that the facts alleged are true to the best of my knowledge and belief.

______________________________
Robert A. Schattle, President
Infinite Prism, Inc. d/b/a Fine Art Metropolis

*State of Rhode Island*
*County of* ____________________

In ________________________ on the ______ day of __________________, 2005, before me personally appeared **Robert A. Schattle**, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument, by him so executed, to be his free act and deed, and his free act and deed in his said capacity.

______________________________
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that copies of the within were mailed, postage prepaid to (i) Wendy J. Kisch, Esq., PO Box 55, Ben Franklin Station, Washington, DC 20044; (ii) Sean M. Fontes, Esq., 150 South Main Street, Providence, RI 02903; (iii) Eric Carriker, Esq., One Ashburton Place, Room 1413, Boston, MA 02108; and (iv) John P. Pollis, Esq., 555 Elm Street, North Attleborough, MA 02760.

______________________________