**IN THE UNITED STATES DISTRICT COURT**
**for the District of Rhode Island**

**INFINITE PRISM, INC. d/b/a FINE ART METROPOLIS**

**Plaintiffs,**

**vs.** **Civil Action No. 05-187ML**

**TREASURER OF THE UNITED STATES;**
**EDWARD ST. GEORGE, JR., IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF MICHAEL ST. GEORGE;**
**ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND; AND ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,**

**Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

When this action was filed, Plaintiff-Stakeholder named the Estate of Michael St. George, by and through its Administrator Edward St.George, Jr. Recently, on or about June 29, 2005, Plaintiff was informed by former counsel for the Estate of Michael St. George that the Estate had been finally adjudicated and closed. See Letter of John P. Pollis, Esq. of June 29, 2005 (Exhibit A).

The Estate of Michael St.George was in fact closed on April 28, 2005. See Judgment of the Bristol Country (Massachusetts) Probate and Family Court of April 28, 2005 (Exhibit B.) Therefore, the heirs of Michael St. George and other beneficiaries of the Estate have, or may have, claims in their own right with respect to the res held by the Court. Since such parties may have an independent right to assert their claims, they are indispensable parties to this interpleader suit.

Leave to amend the pleadings should be "freely given." Fed. R. Civ. P. 15(a), ("[L]eave shall be freely given when justice so requires"); *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (leave to amend is to be freely given). The general rule applies to interpleader actions. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998) (Federal Rules of Civil Procedure, including their joinder provisions, apply in interpleader cases just as they would in any other civil action in federal court).

In the case at bar, the potential claimants are proper parties to this action, even if they have not undertaken to assert their claims on their own behalf. *6247 Atlas Corp. v. Marine Ins. Co., Ltd., No. 2A/C*, 155 F.R.D. 454, 463 (S.D.N.Y. 1994) (interpleader available to join prospective claimants even if they have not yet brought formal demand against stakeholder). Thus, for the interpleader device to fully serve its functions, the stakeholder needs to be able to bring in any potential claimants.

> The availability of the interpleader remedy, however, is not dependent on the merits of the claims asserted against the stakeholder. *John v. Sotheby's, Inc.,* 141 F.R.D. at 33; *A/S Krediit Pank v. Chase Manhattan Bank,* 155 F. Supp. 30, 33-34 (S.D.N.Y. 1957). "The mere threat of future litigation is a sufficient basis for interpleader." *A/S Krediit Pank,* 155 F. Supp. at 34. Moreover, a party is not required to evaluate the merits of conflicting claims at its peril; rather, it need only have a good faith concern about duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others. *Bache Halsey Stuart Shields Inc. v. Garmaise,* 519 F. Supp. 682, 684-85 (S.D.N.Y. 1981); 3A *Moore's Federal Practice* ¶ 22.02[1], at 22-7 (2d ed. 1992).

*Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992). *Cf. Nationwide Mut. Ins. Co. v. Eckman*, 555 F. Supp. 775, 779 (D. Del. 1983) (court has power to determine proper parties to interpleader suit).

**SUMMARY**

For the reasons shown, Plaintiff-Stakeholder respectfully requests leave of the Court to allow the Amended Complaint attached to this Motion.

Dated: August 11th, 2005

Respectfully submitted,

Infinite Prism Inc. d/b/a Fine Art Metropolis
By its Attorneys,

Moore & Bogosian,
By ______________
Paul J. Bogosian, Jr., Esq.
RI Bar #2233
49 Weybosset Street
Providence, RI 02903
Voice 455-2020
Fax 455-2022

Del Sesto Law Corporation
By Ronald W Del Sesto
Ronald W. Del Sesto, Esq.
RI Bar #242
49 Weybosset Street
Providence, RI 02903
Voice 401.421.1492
Fax 401.421.9080
Email: Litigation@in-RI.net

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the within were mailed, postage prepaid to (i) Wendy J. Kisch, Esq., PO Box 55, Ben Franklin Station, Washington, DC 20044; (ii) Sean M. Fontes, Esq., 150 South Main Street, Providence, RI 02903; (iii) Eric Carriker, Esq., One Ashburton Place, Room 1413, Boston, MA 02108; and (iv) John P. Pollis, Esq., 555 Elm Street, North Attleborough, MA 02760.

Marcella Bedard