**UNITED STATES DISTRICT COURT**
**For The District Of Rhode Island**

**Civil Action No. 05-187ML**

| | |
|---|---|
| **INFINITE PRISM, INC. d/b/a/** | ) |
| **FINE ART METROPOLIS** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TREASURES OF THE UNITED STATES;** | ) |
| **EDWARD St. GEORGE;** | ) |
| **JOAN P. St. P. St. GEORGE;** | ) |
| **ANNE R. St. GEORGE;** | ) |
| **EDWARD St. GEORGE, III;** | ) |
| **ATTORNEY GENERAL FOR THE STATE OF RI; and** | ) |
| **ATTORNEY GENERAL FOR THE COMMONWEALTH OF** | ) |
| **MASSACHUSETTS** | ) |
| **Defendants** | ) |

## ANSWER

Defendants, Joan P. St. George, Anne E. St. George, and Edward St. George ("Defendants St. George"), answer the Plaintiff's Complaint as follows:

1. The statements set forth in paragraph 1 of the Complaint are legal conclusions to which no responses are required.

2. Defendants St. George are without sufficient information to either admit or deny the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants St. George deny so much of the allegations set forth in paragraph 3 of the Complaint that assert that this Court has jurisdiction over the subject matter of this dispute or that the venue is proper in this District.

4. Defendants St. George deny that this Court has jurisdiction over the dispute which is the subject matter of this action.

5. Defendants St. George deny the allegations set forth in paragraph 5 of the Complaint.

6. Defendants St. George deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants St. George deny the allegations set forth in Paragraph 7 of the Complaint.

**PARTIES**

8. Defendants St. George deny the allegations set forth in Paragraph 7 of the Complaint.

9. Defendants St. George admit to the allegations of Paragraph 9 of the Complaint.

10. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 10 of the Complaint.

11. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 12 of the Complaint.

**SUMMARY OF ADVERSE CLAIMS**

13. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 13 of the Complaint call on the plaintiff to prove the same.

14. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 14 of the Complaint and call on the plaintiff to prove the same.

15. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 15 of the Complaint call on the plaintiff to prove the same.

16. Defendants St. George are without sufficient information to either admit or deny the allegations of Paragraph 16 of the Complaint call on the plaintiff to prove the same.

17. The Defendants St. George admit so much of the allegations of Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 of the Complaint are conclusions to which no response is required. However, if answers are required to the said allegations, Defendants St. George deny each such allegation and call on the Plaintiff to prove the same.

**COUNT ONE**
**Deposit in Court of Revenue Contract Rights**

19. The Defendants St. George are unable to respond to the statement contained in Paragraph 19 of the Complaint due to the speculative nature of the said statement.

20. The statement set forth in Paragraph 20 of the Complaint is a prayer for relief to which no response is required, but if a response is required to the same, the Defendants St. George deny that the Plaintiff is entitled to the relief sought.

**COUNT TWO**
**Plaintiff's Need for Immediate Injunctive Relief**

21. The statement set forth in Paragraph 21 of the Complaint is not factual, in that it merely speculates on how the Defendants St. George and others might act in the future; therefore, the Defendants St George are unable to either admit or deny the allegation set forth in Paragraph 21 of the Complaint.

22. The allegations of Paragraph 22 of the Complaint constitute prayers for relief to which no response is required.

**COUNT THREE**
**Order Requiring the Claimants to Appear and Litigate their Respective Rights to the 40% Contract Rights at Issue Under the Fine Arts-St. George Agreement**

23. The allegations of Paragraph 23 of the Complaint constitute prayers for relief to which no response is required.

**COUNT THREE**
**Claim for Attorney's Fees**

24. The allegations set forth in Paragraph 24 of the Complaint are conclusions to which no response is required. However, if answers are required to the said allegations, the Defendants St. George deny each such allegation and call on the Plaintiff to prove the same.

25. The allegations of Paragraph 25 of the Complaint constitute prayers for relief to which no response is required, but if responses are required to the said prayers, the Defendants St. George deny that the Plaintiffs are entitled to the relief sought.

The statements set forth in Sub-paragraphs 1 – 8 are prayers for relief to which no response is required, but if responses are required to the said prayers, the Defendants St. George deny that the Plaintiffs are entitled to the relief sought.

**FIRST AFFIRMATIVE DEFENSE**
**Forum Non Conveniens**

26. This Court should refrain from exercising jurisdiction oven this dispute for the following reasons:

27. At its core, this is a dispute over a Massachusetts probate estate which raises no federal question to warrant the invocation of this Court's jurisdiction; therefore, the should dismiss the Complaint.

28. Further, this is a dispute over the validity of a Massachusetts' contract and the rights and obligations of the parties thereto. No Federal questions are raised by the contract; therefore, there is no basis for this Court to exercising jurisdiction over the dispute.

**SECOND AFFIRMATIVE DEFENSE**
**Lack of Subject Matter Jurisdiction**

29. This Court lacks jurisdiction over the subject matter of this dispute even though the matter has been artfully described as an interpleader action within meaning of 28 U.S.C., § 1335.

**THIRD AFFIRMATIVE DEFENSE**
**Failure to State a Cause of Action**

30. This Complaint should be dismissed for failure to state a cause of action on which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**
**Improper Venue**

31. This Complaint should be dismissed because the venue is improper in this District.

**FIFTH AFFIRMATIVE DEFENSE**
**Lack of Personal Jurisdiction**

32. This Complaint should be dismissed for lack of personal jurisdiction over the person of Defendants St. George.

**SIXTH AFFIRMATIVE DEFENSE**
**Lack of a Controversy**

33. This Complaint should be dismissed due to the absence of a case or controversy. By its own admission, the Plaintiff alleged in Paragraph 21, that the "[t]he parties to this case, when they become aware of the charitable dedication of the 40% Contract Rights by the decedent will likely assert a claim to some or all of the 40% Contract Rights." The language quoted above makes it clear that there is no present controversy for this Court to adjudicate.

**SEVENTH AFFIRMATIVE DEFENSE**
**Unclean Hands**

34. The Plaintiff's Complaint is barred by the doctrine of unclean hands.

**EIGHT AFFIRMATIVE DEFENSE**
**Waiver**

35. The Plaintiff's claims are waived.

Respectfully submitted,
Joan P. St. George,
Anne E. St. George, and
Edward St. George,
By their attorneys,

Thomas J. Cronin #5302
Gunning & LaFazia
56 Pine Street
Providence, RI 02903
Telephone: 401.421.6900
Facsimile: 410 521.6901
TCronin@GunningLaFazia.com

Denzil D. McKenzie, BBO # 336420
McKenzie & Associates, P.C.
44 School Street, Suite 1100
Boston, MA 02108
Telephone: 617.723.0400
Facsimile: 617.723.7234
DMcKenzie@McKenzieAssociatespc.com

Dated: November 7, 2005

**CERTIFICATION**

I hereby certify that I mailed a copy of the within to Paul Bogosian, Jr., Esq., Moore & Bogosian, 49 Weybosset Street, Providence, RI 02903 and Ronald W. DelSesto, 49 Weybosset Street, Providence, RI 02903, on this 8th day of November, 2005.

Johna G. Fernald